NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATTERIA SOCIALE "SA COSTERA" COOPERATIVA A R.L., : : : Plaintiff, : : v. : : L.F.I., INCORPORATED, : : Defendant. : | Civil Action No. 07-cv-850 (SDW) OPINION August 20, 2008 |

**WIGENTON, District Judge**

Before the Court is Latteria Sociale "Sa Costera" Cooperative A R.L.'s ("Plaintiff" or "Sa Costera") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) ("Motion").[1]  L.F.I., Incorporated ("Defendant" or "L.F.I.") filed opposition to the Motion.  The Court decides this matter, without oral argument, pursuant to Federal Rules of Civil Procedure 78.  For the reasons discussed below, the Court denies Plaintiff's Motion.

**Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties have

---

[1] This document is docket entry #20.

diversity of citizenship and the amount in controversy exceeds $75,000.[2]

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c).

**Legal Standard**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. *See id.* at 248. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). To survive a motion for summary judgment, a nonmovant must present more than a mere scintilla of evidence in his favor. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). At the summary judgment stage

---

[2] Plaintiff's principal place of business is in Anela (SS), Italy, while Defendant is a corporation with a principal place of business in Fairfield, New Jersey.

the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002). It is on this standard that the Court adjudicates the pending summary judgment motion.

**Background**

Defendant ordered twenty one (21) tons of pecorino Romano cheese, or twenty-two pallets, that were delivered to the Defendant in Italy during May of 2005. (Compl. ¶ 6; Pl.'s Br. at 1.) Plaintiff asserts that Defendant is indebted to Plaintiff for $107,799.10 as a result of this business transaction.[3] (*See* Compl.; Pl.'s Br. at 2.) The cheese was imported by Defendant to the United States, arriving on or about May 31, 2005, and then was resold to Defendant's customer, Accardi & Sons in Melford, Massachusetts, on or about June 8, 2005. (Def.'s Opp'n at 3; Lisanti Cert. ¶ 5.) In August 2005, Defendant's customer complained about mold and an odor emanating from the cheese, and thereafter Defendant requested that the cheese be shipped back to Italy. (Def.'s Opp'n at 2.) Defendant claims that Plaintiff refused to ship the cheese back to Italy and ultimately the cheese was returned to Defendant's facility in New Jersey and disposed of. (Def.'s Opp'n 3.) Plaintiff demands the full purchase price of the delivered goods based on Defendant's alleged breach of contract and initiated this action to recover that amount.

---

[3] Plaintiff's Complaint and other papers include a claim that Defendant owes Plaintiff "an amount in excess of $115,000." (Compl. ¶ 13, 15.) However, Plaintiff notes that "LFI's interrogatory responses provide a figure of $107,799.10. . . For the purpose of this motion, plaintiff Sa Costera accepts this figure as the amount due and the amount for which judgment is sought." (Pl.'s Br. at 2.)

**Discussion**

In support of Plaintiff's Motion, Plaintiff refers to the New Jersey Uniform Commercial Code and certain New Jersey common-law principles. (*See* Pl.'s Br.) Pursuant to the New Jersey Uniform Commercial Code § 12A:2-709, a seller may recover the price "of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer." However, § 12A:2-606 defines "acceptance" by buyer as occurring when the buyer "(a) after *a reasonable opportunity to inspect the goods* signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity . . . (b) fails to make an effective rejection . . . (c) does any act inconsistent with the seller's ownership . . ." N.J.S.A. § 12A:2-606 (emphasis added).

Plaintiff argues that Defendant cannot "show that the goods were non-conforming *when received by LFI*." (Pl.'s Br. at 2.) Plaintiff claims that "LFI's emails commencing November 2005 . . . were the first indication to Sa Costera that LFI contemplated returning the goods to Sa Costera based on purported issues with mold." (Pl.'s Br. at 12-13.) Further, considering the perishable nature of the goods, Plaintiff argues Defendant's alleged rejection did not occur within a reasonable time. (Pl.'s Br. at 10.) Plaintiff claims that "efforts by L.F.I. to purportedly reject or revoke acceptance some *five or six months* after receipt of these perishable goods, are untimely, and therefore, ineffective as a matter of law." (Pl.'s Br. at 2.)

Defendant claims that the mold takes two to three months to develop, and that an inspection at Plaintiff's plant in Italy, and when the cheese was shipped the United States in May/June 2005, would not have revealed the mold. (Def.'s Opp'n at 2.) Specifically, Defendant asserts that "it took from June to August to discover the moldy condition of the cheese, a period of approximately *two*

4

*to three months*." (Def.'s Opp'n at 2) (emphasis added).  Additionally, Defendant claims to have notified Plaintiff of the mold by telephone in August 2005 and by email in September 2005.  (Lisanti Cert. ¶¶ 6, 7.)  Defendant also claims that the moldy cheese resulted from Plaintiff's failure to package and seal the cheese product properly.  (Def.'s Opp'n at 3.)

The parties disagree on whether the time it took for Defendant to discover the moldy condition of the cheese and request to have it shipped back to Italy was reasonable.  (Def.'s Opp'n at 1; Pl.'s Reply at 2.)  As both parties point out, "reasonable time" for an action as defined pursuant to N.J.S.A. § 12A:1-204, ". . . depends on the nature, purpose and circumstances of such action."[4]  Obviously, there are several material facts still in dispute, including the reasonableness of the time it took Defendant to discover the mold and reject the goods.

When reviewing a motion for summary judgment the Court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party.  *See Curley*, 298 F.3d at 276-77.  In this instance, there are several genuine issues of material facts that should be addressed.  After reviewing the submissions of the parties, the Court finds that this matter cannot be decided strictly as a matter of law at this time.  Based on the foregoing, the Court finds there are genuine issues of material facts in dispute that preclude summary judgment.

**Conclusion**

For the reasons set forth above, the Court will deny Plaintiff's Motion.  Further discovery was stayed until the resolution of this Motion and may now go forth as determined by Magistrate Judge

---

[4] In this instance, the purchase agreement between the parties did not specify what would constitute "reasonable time" for performance or rejection. (Ruiz Decl. Ex. A.)

Cox Arleo.

										s/ Susan D. Wigenton, U.S.D.J.


cc: Madeline Cox Arleo, U.S.M.J.